UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| | : | No. 3:15-cr-00097 (VLB) |
| v. | : | |
| | : | |
| BASILIO COLON | : | January 16, 2020 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

# ORDER DENYING MOTION FOR MODIFICATION
# OF TERM OF SUPERVISED RELEASE [ECF NO. 46]

On June 11, 2015, the defendant, Basilio Colon, entered a guilty plea to a single count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). [ECF Nos. 26, 28]. The defendant was CHC III and, accordingly, he was not safety valve eligible. [ECF No. 33]. On September 2, 2015, the Court sentenced the defendant to the mandatory minimum period of imprisonment of 60 months applicable to the offense of conviction to be followed by 4 years' supervised release. [ECF No. 38]. The supervised release term imposed by the Court was the statutorily mandated minimum period. [ECF No. 33]. The defendant is currently serving his period of imprisonment and has not yet begun his period of supervised release. While the defendant is currently in a halfway house, he is not due to complete his period of incarceration until February 28, 2020.

On October 2, 2019, the defendant filed a motion seeking to reduce the length of his supervised release term. [ECF No. 46]. In filing this motion, the defendant invoked 18 U.S.C. § 3583(e)(1) and also Section 602 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). Defendant argues that he has earned good time credit under the First Step Act's provisions, and therefore, he is entitled to a reduction in his term of supervised release. For the following reasons, the defendant's motion is DENIED.

First, the Court imposed a period of supervised release upon the defendant which was the statutorily required minimum period applicable to the defendant's offense of conviction. [ECF Nos. 33, 38]. There is nothing in Section 602 of the First Step Act or any other provision of the First Step Act that changes this minimum period or which allows good time credits to reduce a mandatory period of supervised release.

Second, while 18 U.S.C. § 3583(e)(1) does permit the Court to terminate a period of supervised release after expiration of one year of supervised release if the Court is satisfied that such action is warranted by the conduct of the defendant and the interests of justice, the defendant here has not established any track record from which the Court could make such an assessment. Indeed, not only has the defendant failed to complete at least one year of supervised release, but he has not even commenced his supervised release term. Accordingly, the defendant's motion for modification of his supervised release term is premature and is DENIED.

IT IS SO ORDERED

_____/s/_____

**Hon. Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut: January 16, 2020